Good morning, Your Honors, and may it please the Court, I am Alexandra Robert Gordon on behalf of Defendant Appellant Attorney General Harris. If it's acceptable to the Court, I would like to reserve three minutes of time for rebuttal. So since the District Court's grant of a preliminary injunction in this case, this Court has issued its opinion in Center for Competitive Politics, which makes clear in a unanimous opinion that the disclosure requirement at issue is facially constitutional, doesn't in and of itself place an actual burden on First Amendment rights, and is substantially related to the State's compelling interest in enforcing the law and protecting the public from charitable fraud and abuse. Now, the Court in Center for Competitive Politics did hold out the possibility that a plaintiff could actually make an as-applied challenge to this statute, but this plaintiff, Americans for Prosperity, has not done so successfully. It has not actually provided cognizable evidence of any First Amendment burden or harm arising from this particular disclosure requirement. That evidentiary standard is extremely difficult to meet. It is set out in cases such as NAACP, Bates, and the Socialist Workers' Party. The Foundation has not even come close to establishing that level of evidence, and because it hasn't, this case is really not meaningfully distinguishable from the Ninth Circuit's case in Center for Competitive Politics, and it's controlled by it. Now, the District Court obviously did not have the benefit of this Court's holding in Competitive Politics when it enjoined the Attorney General from demanding a copy of the exact same donor information that the Foundation already has on file with the IRS, but it did have the benefit of all the precedent, longstanding precedent, from the Supreme Court and this Court on which Center for Competitive Politics is based. Let's assume, for purposes of your limited time and for purposes of getting to an issue that at least troubles me, and that's the public disclosure. Let's assume that there's a public disclosure of the names of the donors that could create a chilling effect on membership and arguably on speech rights. The Attorney General is representing to us that there is no risk of public disclosure because this is information collected for purposes of enforcing the charitable status statute. There's a proposed regulation. What does that regulation do to assure that there won't be public disclosure, and where is it in the process of being adopted? Working backwards, my understanding, Judge Fischer, is that that regulation should be published for notice and comment, I think, starting on December 11th. That regulation will simply codify what has always been true, which is that the Registry has a policy of keeping information confidential. All right. Before you go without the regulation, what is the status? It's going to be published for notice and comment, and then what happens? Right. Well, then, hopefully, the regulation goes through its process and it becomes adopted, but all that regulation will do is to codify... No, no. Don't tell me what it'll do. I just want to know where it stands. After notice and comment, how long do you anticipate it will take before it becomes effective? I don't know, in terms of time, how long it will take. Could be a year? Could be two years? I think it's usually a matter of months, Your Honor, but I'm happy to look into that and to apprise the court of it based on actual information. So without that regulation being enacted, what you have is the policy of the AG not to publicly disclose the information, right? Correct. No rule or regulation that the AG can point to? There are background rules in the Civil Code about how people's personal information can be treated by law enforcement, but you're correct. It is, in fact, just the AG's policy. However, it's been the AG's policy over the course of the last three administrations. Well, AG's changed policy, so given that it's not a rule or a regulation, then what assures this court that there's no risk of public disclosure? Well, the fact that there is this policy, Your Honor, the fact that there is a movement towards it being codified, and of course AG's can change their mind, but no one has and there's no indication that they will, and this court has rejected that argument in Center for Competitive Politics because that, of course, would just be speculative future injury and wouldn't be the basis for granting a preliminary injunction. It is not the basis here. You started to say how long it had been the policy? No one can remember a time when it wasn't the policy, Your Honor, and it goes back at least to Lockyer. That's as far back as we can date it. Schedule B has only been in existence, I believe, since around 2000. To Lockyer, in between there was... Brown? Brown. Anybody else? Harris. And so for at least three AG's, it has been kept confidential. To get back to Judge Fischer's question, though, I'm happy to assume, I suppose for purposes of a hypothetical, but it would be an extraordinary assumption, and a factually unfounded one, that the Foundation has actually suggested the level of harm from even public disclosure that would get it and make for a successful as-applied challenge. This is a preliminary injunction. It's a question of whether they've raised a potentially prevailing argument. You're looking at a trial upcoming. Well, Your Honor, the Supreme Court, yes we are, and the Supreme Court has held that the showing that one has to make for a preliminary injunction is greater than the showing one has to make to prevail on summary judgment. So I understand the rules. Yes, of course. It's an extraordinary remedy, and on the basis of evidence that, frankly, does not rise to the type of systemic, brutal, long-standing harm against a vulnerable organization that the government is either unwilling or unable to control, we're nowhere close to that. We have basically some anecdotal evidence of threats mostly arising from the founders of this Foundation, the Koch brothers, very public presence, and very public events held by the Foundation. That has nothing to do with whether this type of disclosure requirement is actually going to lead to harm. Finally, just to say, even in that hypothetical, if it were public, what the appropriate remedy would be then is what this Court issued in Dole II, the second dole on remand, which would be to say, this information cannot be made public. It can only be given to the Attorney General to use for law enforcement purposes, which is what we have here. Is that true? You have, excuse me, two statutes in California, sorry, Charitable Purposes Act that says that information reports filed with the Attorney General along with the registry itself shall be open to public inspection subject only to reasonable rules and regulations adopted by the Attorney General. There's no regulation that's been adopted. Then you have the Public Records Act, and it says if a record is exempt from disclosure under federal or state law, then an agency retains discretion to disclose it into a separate agency. The CPRA requests if disclosure of a record is prohibited by law, an agency cannot disclose it. So again, there's no prohibition extent yet, correct? So it's a matter of policy that the AG is relying on, not things that would foreclose a third-party group coming in trying to get access to the donor list. So actually, I think that a third-party group, and this Court has held that a third-party group would not be able to get access to the donor list. Which, in what cases? In centrifugal competitive politics, because Section K of the Public Records Act were the exceptions. If something is confidential under federal law, which this clearly is under the federal agency, these would be given to the state directly by the organization. Well, but for purposes of the Public Records Act, if something is confidential under federal law, which this is, regardless of who it's given to, it is not going to be disclosed. We do not disclose it. We have never disclosed it, nor do we take the position that Section 112, 590 requires us to disclose it. And I am unaware of any action that has ever been brought under that section demanding that we disclose it. And it would be our position that, subject to our considerable discussion, we are not giving out that information. We do not give out that information. I see that I'm well into my rebuttal time, and I am hoping that the Court will indulge me and at least give me a minute to respond to it. It's very fair and balanced here. Thank you very much. All right. We'll give you time for rebuttal. Yeah. And the same issues come up. Are you arguing the next case, too? I am not. Okay. I get to sit down for that one. Thank you. Thank you, Your Honors. May it please the Court. Let me just say at the outset that, in our view, the district court acted well within its discretion in issuing the preliminary injunction it did, which is narrow, as applied limited to this specific foundation that did make a primal facie case. That's the retaliation, the harassment, the chill, that it, as a district court, and its contributors would face. Well, let's talk about the breadth of the preliminary injunction that was issued. Setting aside the public disclosure, what's the burden on First Amendment rights with regard to the collection of information, the confidential disclosure to the AG? Well, let me take that in two steps, if I could, Judge Nguyen. The first is that we do fear harassment, retaliation from California officials themselves. We point in the declaration that was before the district court to statements that the California, basically the Fair Political Practices Commission, singled out the Koch brothers without any evidence whatsoever and accused them and their dark money network of being involved in violations that they were not involved in. So we were fearful of what the state itself might do with it. But more importantly, Judge Nguyen, there was no suggestion from the Attorney General below that there should be a different injunction. There was not that argument in the alternative that the injunction should simply say the information must be treated as confidential. I think that that's only – it's only sound that the injunction came out the way that it did because we've heard repeatedly from the Attorney General, including today, that there's a policy of confidentiality, that, to use my friend from the other side's words, they've never disclosed Schedule Bs. Your Honors, you have before you in your docket – it was in opposition to the Attorney General's belated request for stay – we filed deposition transcripts, excerpts from those, as recently as just a few weeks ago, where the 30B6 witness for the California Attorney General testified, acknowledged that more than 1,400 instances and counting in which Schedule Bs that are supposedly confidential under the policy were publicly posted on the website with no notification to the entities involved, that that had happened repeatedly within the AG's office. There's never been any consequence for that, any sanction, any remediation. And, Your Honor, I think it would be a real problem to have an injunction that relies upon the AG to maintain confidentiality, just as the AG has said she's been doing for years, when in fact the reality is quite different, and you don't have a system in place to protect it. So what you're saying, even if this regulation goes through and it only goes to the AG's office, there's too much of a risk of leakage out of the AG's office, and therefore, regardless of any public access, leakage is so high a risk that the regulation won't take care of it. Judge Fischer, if everything was as it is today – Is that a yes or a no? Yes, that's correct, assuming that everything else stays constant, because you need a regime of confidentiality. That is to say, you need protocols. You need the prospect of sanctions under federal law. There are criminal penalties as well as civil penalties for any violation of confidentiality. There are real – there are enforcement efforts undertaken when you have scandals as you had with the IRS. And then congressional investigations result, there are the possibility of criminal penalties and prosecutions. There is nothing like that in California, because all we have is what the Attorney General says in briefs and in her oral statements. It's not even written down, the confidentiality policy, as it's been described I want to make sure that I'm understanding your response to Judge Fischer's question. If the regulation were to be implemented or enacted such that there's prohibition against public disclosure, would there still be similar concerns? And I take it you're saying yes, because there's no enforcement mechanism in place. That's right, Judge. And I think to put a simple point on it, there needs to be meaningful assurance of confidentiality. And I think under the existing framework, there is not that. And even as to the regulation, I would note we have a trial that's set for February, late February. That's our trial date. We're serious about it. I believe the district court is, and I know the Attorney General is as well. So this will all be resolved, and you will have, I believe, a final judgment from the district court before that confidentiality regulation even could become an actual regulation in force, could have force of law within the meaning that you meant, Judge Reinhart, in the Dole opinion, where the fact that there was a policy of need to know was not to be equated with something having the force of law. And what's clear as can be is when the district court granted this preliminary injunction and today and is at the time of trial, this supposed confidentiality policy will not have force of law. So I think the rest of what we're talking about is academic, but I want to be candid with the court that I don't think our concerns are all at an end the moment that the Attorney General says there's a regulation. Because, of course, the Attorney General has been saying for quite some time we have nothing to be concerned about. My understanding is that the Attorney General has moved to stay the trial because they can't be held accountable for the fact that we're not able to do that. Does that mean that we're not going to be able to do it? Is that pending before us? It is, Your Honor. You know the court's procedure is better than my own. I believe it's pending before this merits panel.  So we have to decide this case one way or another. So why wouldn't it make sense for us to vacate that discovery cutoff and trial date pending our resolution? Well, because I believe the court's preference, especially when it comes to constitutional questions like you have presented in this case, is to decide those on a full, properly developed record. I would have thought that this court's preference would be to have a trial. And this has been this court's instruction to the district courts. But if the Attorney General is correct that they can't adequately go to trial without the information in hand, and if we were to decide that they were entitled to get the information, then the trial would be a two-legged stool. There would be missing one component that our decision. I'm just speaking hypothetically at this point. So I think this is important. I don't think we like to interfere with the district court's trial schedule. But it's the discovery cutoff and their complaint that without the discovery, they won't be prepared for trial. So you're saying, well, a full record is great. I agree with that. But if the full record has been precluded by the preliminary injunction, which we might wind up deciding is overbroad, then why wouldn't we hold things in place till we can decide what we do? Because that's not how this court handles discovery disputes. You would be inundated with appellants who come before you saying that there's a discovery issue where they're aggrieved. And because they've been denied discovery into X, Y, or Z, a trial would be inundated with appellants who would say, well, I don't need a case counsel. I don't need a parade of horribles. But for this case, Your Honor, I don't think that that's how these cases, NAACP versus Alabama, Socialist Workers' Party versus Brown, I don't think that it's ever been understood by the courts in those cases that in order to adjudicate the constitutional question, there has to be discovery into all the individual members of the organization who want the protection. He was triggered by the discovery request. Correct, Your Honor. And the court was willing to say that that was not sufficiently worth the candle. It was not sufficiently important for the state to be entitled to that. And so the constitutional rule basically obtains even without that sort of granular discovery into individual members. And I think the same is true in this case. I think that the AG will have ample opportunity to prove her case in terms of why she needs Schedule Bs, how they're properly treated as confidential, what the law enforcement interest is here, and why there should not be a chilling effect in terms of the instances we cite where there has been retaliation, where there has been harassment, the basis, the objective basis for the chill that's out there. The Attorney General is getting those depositions. She's getting discovery into those. She can make her case. The only thing the district court has said is foreclosed to her, consistent with the preliminary injunction, which she never sought to get modified for this purpose, is discovery into here are the individual names and addresses of individuals who are otherwise not involved in this case. That's exactly what we want to protect and I think need to protect, consistent with the Supreme Court's jurisprudence and this court's jurisprudence. And I'd say also... May I ask a couple of questions? On the exhibits attached to Mr. Holden's affidavit... Yes, Your Honor. ...about threats to the Koch brothers... Yes. ...I don't see any threats to people who simply contributed to the organization or helped the organization in some way. Is that correct? Well, Your Honor, not in those exhibits, but in Mr. Holden's declaration, specifically in paragraph three on exact use of record 58, he describes a 2011 summit meeting where just attendees for the foundation specifically were subjected to violent protest, physically accosted and injured. That was specifically an event for the foundation. And in Mr. Fink's declaration that you'll find in excerpts of record 54 and 55, he talks not only about a large portion of the donor base for the foundation being concerned, he also talks about an instance where a reporter got hold of a list of presumptive supporters of the foundation and they were subjected to harassment and to boycotts. And, Judge Fischer, if I could just briefly return to your question... I'm not through the question. Sorry, Judge Lehmann. The... You're suggesting a trial prior to the time the regulation is adopted. I think it's... That's how I see the schedule playing out without knowing the specifics of the regulation timetable. Suppose you win. Then are we going to have a second trial after the regulation is adopted? Well, Your Honor, I think not. I think that this case is likely to be resolved. I don't want to be too optimistic, but one of the things that the Attorney General has to show, consistent with exacting scrutiny, is that there is a regulatory interest in the Schedule B that we don't believe exists. We already have indications of that under oath at deposition, but the IRS, for instance, is already contemplating getting rid of Schedule Bs altogether, given the concerns surrounding this case and others like it. I thought our decision has already decided that there is a sufficient interest. How is the District Court going to ignore that? I don't think the District Court is going to ignore it, and neither do we, Judge Fischer. CCP spoke to a facial challenge... That may be, but it's nonetheless found that there was an interest. Are you going to say there's going to be a trial that resolves as to whether your organization there's an adequate interest, notwithstanding there's an overall interest that the CCP has recognized? As I read CCP, Your Honor, it was basically saying where there's nothing on the First Amendment side of the scale, because there's been no prima facie case, no showing of First Amendment harm. You have nothing to balance there. If the AG is able to identify things that make sense in terms of the regulatory interest with no record, no cross-examination, no testing of it, that will suffice, at least for purposes of a preliminary injunction. I don't read explicitly the Court leaves open the as-applied challenge where the prima facie showing may be made as to a particular organization, and then there needs to be a serious weighing, a weighing consistent with exacting scrutiny of the First Amendment interest on the one hand against the regulatory interest on the other. That's not been undertaken by this Court at all, and certainly not on the fully developed record that I believe we would have on those key points. But to the discovery point, Judge Fischer, in Perry v. Schwarzenegger, it was a discovery question that came before this Court as well. And the Court was very clear that even though there may be some relevance, arguably, to the associational records, the communications that were being requested, that was outweighed by the First Amendment interest. And I would submit to Your Honor, the First Amendment interests here are analogous, and I would say at least as strong, but there's even less relevance to the discovery, and there's never been a suggestion in any of the cases that we're citing or the Attorney General's citing that the litigation really gets down to who the individual contributors are, even as you're trying to protect their identities. I fear that I'm out of time, Your Honor. I don't want to impose upon the Court. I think you're already out. I am, Judge Reinhart. If the Court doesn't have further questions, I will subside. Thank you. Thank you. I'm going to talk really fast to try to get through some major points. But the first one is this, which is just to remember that it is actually plaintiff's burden, both on preliminary injunction and it will be its burden at trial, to show harm. Plaintiff has not come close to doing that. There is nothing, Judge Reinhart, as you have pointed out, attached to Mark Holden's declaration that suggests that simply donating to the Foundation is going to subject anybody to a systemic pattern of threats and violence such that the vulnerable Foundation, which is not vulnerable at all, will dry up, contributions will totally disappear, and they will be removed from the marketplace of ideas. That is what the First Amendment is concerned with in the disclosure requirement. There is nothing in the Occupy Foundation that is a lawful First Amendment protest. And it shows, when you go to the Forbes article that's attached as proof in that declaration, that there is mounting police presence throughout the evening. So to the extent that things get a little bit out of hand and there are scuffles, the police are there to protect the Foundation members. That is not true for the NAACP. That was not true for the Socialist Workers Party, where the police and the FBI were actually running the SWP disruption program and had something like 600 pages worth of surveillance and government harassment of the Socialist Workers Party. To suggest that one statement that tied legitimately illegal activity, perhaps wrongly to the Koch brothers, which was subsequently corrected, rises to the level of government hostility that's found in Brown versus Socialist Workers Party, I'll just be generous and simply say that's incorrect. It's completely wrong. It cannot be. Finally, in terms of a few things, so the issue is not actually whether extra record evidence that was not before the district court, is not properly before this court, shows that we have achieved perfection. We have had inadvertent disclosures pursuant to our policy. When they have been brought to our attention, we have corrected them. And we have already shown, frankly, that we have a compelling interest. Nothing in CCP depends on the fact that there was minimal burden shown or no burden shown on First Amendment rights. The very clear holding is we have a compelling interest in enforcing the law, protecting the public from fraud, and that our requirement, for all the reasons we've stated in our brief and all the reasons that the CCP court held, it is substantially related to our interest. Even if it did, however, depend on where there's nothing to counterbalance the burden, here there's nothing to counterbalance the burden. And before we get to whether the government can satisfy exacting scrutiny, whether in a compelling interest, which we do, and whether this requirement is substantially related, plaintiff has a very large burden to show harm. To show harm, as I've said, within the meaning of the seminal cases of NAACP, Bates, Socialist Workers Party. The fact that that's an exacting showing to make has been reiterated by this court and the Supreme Court as recently as in Doe versus Reed. They haven't done that. I would just briefly ask that the court stay the district court proceedings pending appeal. It's really not the case to say that we'll have a full, properly developed record because of course we can't test any allegations of harm. We cannot get any information about donors, which would go, it would be a litigation eyes only review. It would not go to the regulators. We had no need to ask the district court to modify the injunction for discovery. The injunction doesn't say anything about discovery. It was very much news to us that this was the way the district court would interpret its order. That is why we have moved because otherwise we're going to trial without the ability to test whether or not plaintiff has met its burden. And we will be likely back here talking about the exact same legal errors that we are talking about now. The district courts has abused its discretion in granting this preliminary injunction because it's legally erroneous. It is not applying the correct legal framework. It has set forth nothing about what plaintiff has to show and it is ignoring our compelling interest. I have to ask you a question. You know, most cases when there's a preliminary injunction, the district court, rightly or wrongly, has to wait until we issue a decision before it proceeds much further in the direction of a trial. Here, it seems to be quite the opposite. The district court is going to have a quick trial. Just from a practical standpoint, it doesn't seem to make a great difference whether you're able to collect this information in the next couple of months or not. I know it's a matter of great principle. You might like it. But practically, there's no great harm done to society if you don't get this information for a couple of months. The more serious question, I think, is what is going to happen about a trial that may turn out to be a meaningless trial for two reasons. I mean, one, you're going to have a trial before you have a regulation and circumstances may have totally changed when you have a regulation. And two, you may have a trial without discovery, which may cause reversal on that ground. Or may not. I'm just saying there's a possibility. What is it you're really asking us to do here at this point? You talked about a stay pending appeal. Pending appeal of what? Of a discovery order? No, Your Honor. Pending the appeal from the preliminary injunction. That's what we're here for now. Correct. You want to stay until we make a decision? Yes, Your Honor. That is exactly right. We have not actually asked for a stay of the order. We are not asking that our regulators be given Schedule B information from the foundation pending appeal. We are saying, while this panel is deciding these issues, please hit pause so that we can wait a few months for the court to come to a determination about whether or not the preliminary injunction is an abuse of discretion. Well, suppose it is. So what? If it is, then the basis for keeping us from getting discovery falls. I don't know why that should be. The district court may still feel whatever we say about a preliminary injunction. Suppose we say a preliminary injunction wasn't justified on the record before us. There wasn't enough evidence that those who give to the Koch brothers are going to be in great jeopardy. Suppose we say that, and therefore there shouldn't have been a preliminary injunction. The judge will still go forward with a trial. The plaintiffs will still say, those who contribute to the Koch brothers are in great danger. And the judge may still say, okay, but you can't have your discovery because of the First Amendment. That is possible. I mean, I don't see that the stay solves a lot. Knowing this district judge, he's not easily discouraged from his convictions. And the odds are that you will, if we give it a stay, you'll be right back where you were after we issue our decision. So I'm not sure what practically is the sensible solution. One thing I might say, and it may not be true in this case, but the average length of time it takes us to decide cases might suggest we might not even have a decision until the time of trial is over. That is correct, Your Honor. So this appeal would likely be moot at that point because the trial will go forward based on the thing we learned. But I'm trying to see if there's some practical solution to that. I mean, we can decide cases all the time and motions all the time, and we do. Sometimes they have a practical effect. And I think you're talking about a practical... I think this could have an extremely practical effect. So basically, district court proceedings are stayed. There is no prejudice to plaintiff from however long, however many months it takes this court to decide. There is tremendous prejudice to the Attorney General from not being able to get the information that we need to figure out whether plaintiff has met its burden. Now, it may be... We're not deciding the discovery issue. You do not have to decide the discovery issue. That is correct, and we have not asked you to. However, if you invalidate the injunction, which forms the basis for the district court's prohibition on our getting discovery, it is our hope that we will be able to get discovery.  That may not come to pass. That's a nice hope, but if the judge doesn't think you need discovery or you should properly have discovery, he's not likely to be discouraged because we say there was something wrong with the preliminary injunction. Your Honor, I can only say this. I understand that this particular judge may not be discouraged simply by the reversal of a preliminary injunction, although I would hope that guidance from this court about the appropriate standard of law, what is an appropriate showing, what is required, that the district court is required to listen to that and would take it seriously. If this court is concerned that it will not change the fact that we do not get discovery and the court is inclined to think that we are entitled to it, under pendant jurisdiction, although we have not asked you to look at the discovery order, you are very free. It is inextricably intertwined with the underlying ruling. You are free to actually make an independent determination about what discovery we are entitled to and that might have a greater practical effect on the district court. I obviously leave that to the court as to what's appropriate. Thank you. If the panel has no further questions, we would just ask that you reverse the district court and please issue a stay pending appeal. Thank you. Thank you.
judges: Reinhardt, Fisher, Nguyen